UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nathan Nerland, Daniel Williams-Goldberg and James Geckler, individually and on behalf of themselves and all others similarly situated, | Court File No. 05-1847 PJS /JJG |
| Plaintiffs, | ORDER APPROVING SETTLEMENT AND FOR JUDGMENT |
| v. | |
| Caribou Coffee Company, Inc., | |
| Defendant. | |

WHEREAS, the Named Plaintiffs, on behalf of themselves and the FLSA Opt-In Class and Minnesota Class, (collectively "Plaintiffs" or the "Classes") and Defendant (collectively, the "Parties") entered into a Stipulation of Settlement; and

WHEREAS, on February 1, 2008, the Court entered an order which, inter alia, (1) preliminarily approved the Stipulation of Settlement; (2) approved the forms and contents of Notice of Proposed Settlement to members of the FLSA Opt-In Class and to members of the Minnesota Class (collectively, the "Notices"); (3) directed that the Notices be mailed to the Classes; and (4) set a hearing date for final approval of the Stipulation of Settlement; and

WHEREAS, the Notices were mailed to the Classes on February 14, 2008; and

WHEREAS, the Notices informed members of the Classes of their rights to object to the Stipulation of Settlement and enter an appearance through individual counsel; and

WHEREAS, the Notices stated the Settlement Fund would be reduced for attorneys' fees, costs and expenses, separate awards to Named Plaintiffs and costs of notice and settlement administration; and

WHEREAS, the Notices stated Plaintiffs' counsel would request an award of attorneys' fees; and

WHEREAS, no member of the Classes has filed an objection to the Stipulation of Settlement; and

WHEREAS, a small number of Claim Forms received by the Settlement Administrator were postmarked later than the April 14, 2008, mailing deadline, and

WHEREAS, on May 12, 2008, at 8:00 a.m., a hearing was held before undersigned, to consider a Motion for Final Approval of the Stipulation of Settlement, Approval of Distribution of Settlement Proceeds, Dismissal of Claims and Entry of Final Judgment; and to consider the Plaintiffs' and Plaintiffs' counsel's Motion for Attorneys' Fees, Costs and Expenses and for Separate Awards to Named Plaintiffs,

THE COURT HEREBY FINDS AND CONCLUDES that:

1. The form, content, and method of dissemination of the Notices given to the Classes were adequate and reasonable, and constituted the best notice practicable under the circumstances.

2. The Notices, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

3. It is appropriate to extend the postmarked-by deadline for mailing claim forms to the Settlement Administrator from April 14, 2008 to May 12, 2008.

4. The Settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Classes.

5. The Named Plaintiffs and their counsel fairly and adequately represented the interests of the Classes in connection with the settlement.

6. The Named Plaintiffs and the members of the Classes are hereby bound by the terms of the settlement set forth in the Stipulation of Settlement.

7. The provisions of the Stipulation of Settlement, including definitions of terms used therein, are hereby incorporated by reference as though fully set forth herein.

8. Plaintiffs' counsel are entitled to an award of attorneys' fees from the Settlement Fund established for the benefit of the Classes.

9. Plaintiffs' counsel are entitled to reimbursement from the Settlement Fund of costs and expenses of Litigation they advanced.

10. The Named Plaintiffs are entitled to separate awards from the Settlement Fund for their efforts in this Litigation.

11. The amounts of attorneys' fees, costs, and expenses as hereinafter awarded are reasonable.

12. The amounts of separate awards to Named Plaintiffs as hereinafter awarded are reasonable compensation for their respective efforts in this Litigation.

ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:

1. The settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Classes, and shall be consummated in accordance with the terms and provisions of the Stipulation of Settlement except as noted below.

2. The Named Plaintiffs and all members of the Classes are hereby barred from prosecuting the following claims and causes of action, and these claims and causes of action are hereby dismissed with prejudice, on the merits, and, except as set forth in the Stipulation of Settlement, without costs:

Any and all claims, rights, demands, charges, complaints, causes of action, obligations or liability of any and every kind, including but not limited to, all professional fees and costs incurred in relation to this Litigation, that were asserted in the Litigation or that could have been but were not asserted in the Litigation, whether known or unknown, arising out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in Plaintiffs' Complaint, whether such allegations were or could have been based on common law or any statute, rule, regulation, order or law, whether federal, Minnesota state, or local, or on any grounds whatsoever, including, without limitation, the FLSA, ERISA, Minnesota state wage and hour laws, workers' compensation laws, antiretaliation laws, unfair competition and/or trade/business practices laws, Minnesota state common law or laws providing for equitable tolling of the statute of limitations, from the beginning of time until the date of this Order or that of any appellate court on

direct appellate review, against Defendant and its current and former parents, subsidiaries, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, shareholders, and attorneys and their respective pension, profit sharing, savings, health, and other employee benefit plans of any nature, and those plans' respective trustees and administrators.

Notwithstanding the above, Plaintiffs specifically do not waive, release, covenant not to sue with respect to, or dismiss claims or rights under the laws of states other than Minnesota, and members of the Minnesota Class who are not also members of the FLSA Opt-In Class specifically do not waive, release, covenant not to sue with respect to, or dismiss claims or rights under the FLSA.

3. Defendant shall pay into a Qualified Settlement Fund at U.S. Bank, as directed by Plaintiffs' counsel, $2,700,000.00 plus interest as described below (collectively, the "Settlement Fund") in two installments as follows:

> (a) On the date of this Order granting final approval of the Stipulation of Settlement, Defendant shall pay into the Qualified Settlement Fund the amount of $1,750,000.00; and

> (b) On the later of December 29, 2008, or thirty days after the date of this Order granting final approval of the Stipulation of Settlement, Defendant shall pay into the Qualified Settlement Fund the amount of $950,000.00, along with interest on this amount calculated at 6 percent simple interest from the date of the initial installment payment.

5

4.  On the date of this Order granting final approval of the Stipulation of Settlement, $23,250.00 shall be made available from the Settlement Fund for payment of common costs of notice and settlement administration, which amount includes $10,000.00 in costs advanced by Plaintiffs' counsel and which shall be reimbursed to Plaintiffs' counsel.

5.  Upon entry of judgment and the expiration of all appeals or periods for appeals, the amount of $924,781.86 shall be made available from the Settlement Fund for payment and distribution to members of the Classes pursuant to the allocation, terms, and procedures as set forth and limited in Paragraph 14.1 of the Stipulation of Settlement except that the total amounts available and allocated to the FLSA Opt-In Class shall be increased by $9,781.86, and that the pro rata allocations to members of the FLSA Opt-In Class shall be subject to a minimum distribution of $200.00 per FLSA Opt-In class member.

6.  On entry of judgment and the expiration of all appeals or periods for appeals, the following amounts shall be made available from the Settlement Fund for payment of separate awards to the Named Plaintiffs for their respective efforts in this Litigation: $20,000.00 to Nathan Nerland, $20,000.00 to Daniel Williams-Goldberg, and $20,000.00 to James Geckler.

7.  Upon entry of judgment and the expiration of all appeals or periods for appeals, and after reserving for payment of the amounts as set forth in Paragraphs 4-6 above, Settlement Funds shall be made available for payment of the amount of $441,968.14 to the law firms of Lockridge Grindal Nauen P.L.L.P. and Cuneo Gilbert &

6

LaDuca LLP, as reimbursement for costs and expenses advanced in this Litigation to date, to be allocated among Plaintiffs' counsel in their sole discretion.

8. Upon entry of judgment and the expiration of all appeals or periods for appeals, and after reserving for payment of the amounts as set forth in Paragraphs 4-7 above, Settlement Funds shall be made available for payment of the amount of $1,250,000.00, plus interest earned by the Settlement Fund, to the law firms of Lockridge Grindal Nauen P.L.L.P. and Cuneo Gilbert & LaDuca LLP as attorneys' fees for services to date, to be allocated among Plaintiffs' counsel in their sole discretion.

9. Without in any way affecting the finality of this Order or the judgment entered pursuant to this Order, this Court hereby retains jurisdiction to administer this settlement and the Settlement Fund in accordance with the terms of the Stipulation of Settlement, to enforce the Stipulation of Settlement, and to resolve any dispute concerning the matters contained in the Stipulation of Settlement if they cannot be resolved by negotiation and agreement among the Parties.

10. The postmarked-by deadline for mailing claim forms to the Settlement Administrator is hereby extended from April 14, 2008 to May 12, 2008.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: May 12, 2008            s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge